**SO ORDERED.**

**SIGNED this 17 day of September, 2009.**

                                      **JAMES D. WALKER, JR.**
                   **UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 07-30838-JDW |
| VANNESSA BAUGH, | ) | |
| | ) | |
|    DEBTOR. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

<u>COUNSEL</u>

For Movant:   Robert G. Fenimore
                     440 Martin Luther King Boulevard, Suite 302
                     Macon, Georgia 31201

**MEMORANDUM OPINION**

This matter comes before the Court on the United States Trustee's motion for sanctions against a bankruptcy petition preparer. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(A). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Findings of Fact**

The United States Trustee filed a motion against Leshon Stewart and Mobile Bankruptcy Preparation, LLC, alleging violations of 11 U.S.C. § 110 and seeking a fine of at least $2,500 and an injunction against filing documents in any bankruptcy court. The Court held a hearing on the motion on September 8, 2009, at which time the Trustee presented evidence, including the testimony of Debtor Vannessa Baugh. Neither Ms. Stewart or Mobile Bankruptcy Preparation filed a written response to the motion or appeared at the hearing. Based on the evidence, the Court finds the facts to be as follows:

Debtor filed a Chapter 13 petition on September 6, 2007, with the assistance of a bankruptcy attorney Jason Braswell. Debtor's Chapter 13 plan was confirmed on December 12, 2007. Debtor subsequently gave birth to a son.[1] As a result, she testified she needed to keep a larger portion of her paycheck and sought to convert her case to Chapter 7. Her attorney agreed to do so for $500. However, Debtor said she could not afford to pay him.

Debtor discussed her financial problems with a friend who recommended Ms. Stewart to

---

[1] Debtor's Schedule I indicates that she has two other minor children who were born prior to the original Chapter 13 filing.

Debtor. At the friend's request, Ms. Stewart called Debtor on the telephone. During the conversation, Debtor told Ms. Stewart that she could not afford Mr. Braswell's $500 fee. Ms. Stewart agreed to help Debtor. Debtor testified she does not recall any discussion of Ms. Stewart's fee at that time, but she assumed it would be less than Mr. Braswell's fee.

On May 5, 2009, Mr. Braswell filed a motion to withdraw as Debtor's attorney on the ground that Debtor wanted to terminate his representation. On May 18, 2009, Debtor filed a notice of conversion to Chapter 7. Debtor signed the notice, identifying herself on the signature line as "Debtor, Pro Se." On June 5, 2009, the Court granted Mr. Braswell's motion to withdraw. Debtor's amended schedules and other required documents were filed on June 25, 2009. According to Debtor, Ms. Stewart filed the schedules on her behalf, although Debtor personally paid the necessary filing fees.

The timeline of Debtor's dealings with Ms. Stewart is unclear. However, at some point, Debtor told Ms. Stewart her concerns about losing her furniture. According to Debtor, Ms. Stewart advised her she could save the furniture by reaffirming the debt on it. In addition, Ms. Stewart prepared Debtor's amended schedules, including Schedule C, which set forth Debtor's exemptions and the Georgia Code sections authorizing those exemptions. Debtor testified she did not provide Ms. Stewart with those code sections. Along with the amended schedules, Ms. Stewart prepared a statement of intention to reaffirm the furniture debt; a statement pursuant to Rule 2016(b) disclosing her compensation; a means test calculation; a statement of financial affairs; a Form B19, which indicates she is not an attorney and cannot provide legal advice; and a Form B201, which provides information about bankruptcy to consumer debtors. Debtor met Ms. Stewart at a shopping center in Conyers, Georgia, to sign all the documents. The documents

3

indicate Debtor signed them on June 18, 2009.[2]

The declaration regarding the schedules, the statement of intention, the Form B201, and the Form B19 included Ms. Stewart's name, signature, address, and partial social security number (last four digits). The statement of financial affairs included Ms. Stewart's name, signature, partial address (only the post office box number), and partial social security number.

The disclosure of compensation prepared by Ms. Stewart was a form intended for use by attorneys.[3] In a space labeled, "Attorney for Debtor," Ms. Stewart printed her name. Paragraph 1 of the disclosure says, "The undersigned is the attorney for the debtor(s) in this case." Paragraph 2 indicated Debtor agreed to pay Ms. Stewart $500 "[f]or legal services," that she had already paid $250, and that she owed a balance of $250. Paragraph 4 listed the services to be provided, including "Representation of the debtor(s) at the meeting of creditors." At the bottom of the form is a signature line labeled, "Attorney for Petitioner." Ms. Stewart signed at the signature line and provided her address and telephone number, but did not provide her social security number in full or in part.

Debtor's testimony about Ms. Stewart's fees is consistent with the disclosure of compensation. Debtor paid Ms. Stewart a total of $500 in two $250 installments. According to Debtor's records, she made the first payment on June 15, 2009. On the receipt, she handwrote the notation, "pd for attorney fees." Debtor testified that she would not have made reference to

---

[2] At the hearing on the U.S. Trustee's motion, Debtor testified that she had never seen a Form B19. However, among the documents filed in this case is a copy of Form B19 signed by Debtor and dated June 18, 2009.

[3] A different form–Form B280–is available to disclose compensation of bankruptcy petition preparers.

attorney fees unless she believed Ms. Stewart was an attorney. Debtor's records indicate she made the second payment on June 20, 2009. She received an invoice from Mobile Bankruptcy Preparation, LLC, dated June 21, 2009, showing $500 due for "Consulting" and marked "paid in full 6/21/09."

Debtor testified that although Ms. Stewart had never said she was an attorney, Debtor believed her to be an attorney. Debtor learned otherwise a couple of days before the § 341(a) meeting of creditors, which was scheduled for July 10, 2009. According to Debtor, Ms. Stewart called her and said she could not attend the meeting of creditors with Debtor because she was not an attorney. Nevertheless, Debtor's case proceeded without any problems, and she received a discharge on August 25, 2009.

**Conclusions of Law**

The respondants in this case, Ms. Stewart and Mobile Bankruptcy Preparation, did not contest the allegations that they are bankruptcy petition preparers ("BPP") as defined in 11 U.S.C. § 110(a)(1).[4] Debtor's testimony that Ms. Stewart prepared and filed her schedules and other documents, along with Ms. Stewart's signature in various places designated for a BPP's signature are sufficient for the Court to find the respondents are BPPs. As such, they are subject to penalties for negligently or fraudulently preparing a bankruptcy petition as set forth in §110, which can be summarized in relevant part as follows:

---

[4] "'[B]ankruptcy petition preparer' means a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing[.]" 11 U.S.C. § 110(a)(1).

- A BPP must sign and print her name and address on any document she prepares for filing.  Id. § 110(b)(1).

- Before preparing any documents or accepting fees from a debtor, a BPP must provide the debtor with Official Form 19, which informs the debtor the BPP is not an attorney and cannot provide legal advice.  The form must be signed by the debtor and the BPP and must be filed with any documents prepared by the BPP for filing.  Id. § 110(b)(2).

- A BPP must place her social security number after her signature on any document she prepares for filing.  Id. § 110(c)(1), (2).

- A BPP may not offer a potential bankruptcy debtor legal advice.  Id. § 110(e)(2)(A).

- A BPP may forfeit all fees if she fails to comply with the requirements of § 110.  Id. § 110(h)(3)(B).

- The Court may enjoin a BPP from engaging in conduct that violates § 110.  Id. § 110(j)(2)(A).

- The Court may enjoin a BPP from preparing petitions if she has continually engaged in conduct that violates § 110 and an injunction of that conduct would be insufficient to prevent the BPP from interfering with administration of the Bankruptcy Code.  Id. § 110(j)(2)(B).

- A BPP who fails to comply with the requirements of § 110 may be fined no more than $500 per violation.  Id. § 110(l)(1).

Violations

Ms. Stewart violated § 110(b)(1) once by failing to provide her complete address on the statement of financial affairs.

Ms. Stewart violated § 110(c)(1) five times by failing to provide her social security number on the disclosure of compensation pursuant to Rule 2016(b) and by providing a partial social security number on the declaration of schedules, the Form B201, the statement of financial affairs, and the Form B19.  Although, Ms. Stewart provided only a partial social security number on the statement of intention, that deficiency is not a violation of § 110.  Official Form 8, which

encompasses the statement of intention, does not require any identifying information by a bankruptcy petition preparer.[5]

Ms. Stewart violated § 110(e)(2)(A) twice by (1) advising Debtor about using a reaffirmation agreement to save her furniture and (2) by determining the appropriate Georgia Code sections for Debtor's exemptions.

### Penalties

***Omission of identifying information.*** Ms. Stewart failed to provide her complete address on the statement of financial affairs. However, all the other documents she prepared included a complete address. Therefore, the omission likely was a clerical error that does not hinder identification of Ms. Stewart. The Court finds the violation to be negligible and will not assess a fine for it.

With respect to Ms. Stewart's social security number, she provided the last four digits on most of the documents she prepared but omitted the entire number on the disclosure of compensation. The inclusion of a partial number demonstrates some effort to comply with § 110. The Court understands why an individual would choose to truncate her social security number in this age of identity theft. Nevertheless, the Court cannot simply overlook Ms. Stewart's failure to provide in any instance a complete social security number as required by law. Therefore, the court will assess a fine of $100 out of a maximum of $500 for each of the five violations, for a total of $500.

***Unauthorized practice of law.*** This case demonstrates the sort of confusion that can arise

---

[5] According to the 2008 Committee Notes accompanying Official Form 8, the requirement for identification of a BPP was deleted from the form because it was considered duplicative of the disclosures provided in Form B19.

when a BPP does not take early and affirmative steps to inform a debtor that the BPP is not a lawyer and cannot offer legal advice.  Debtor testified that she believed Ms. Stewart to be an attorney, even after the amended documents were filed.  It was not until a few days before the meeting of creditors that Ms. Stewart expressly told her otherwise.  Even though Ms. Stewart had provided Debtor with a Form B19 stating she was not a lawyer, she also provided Debtor with a compensation disclosure replete with references to Ms. Stewart as a lawyer who would be providing legal services.  Even assuming the use of the wrong disclosure form was the result of negligence rather than intent,[6] Debtor was receiving mixed messages about Ms. Stewart's status.

The mixed signals were compounded when Ms. Stewart provided Debtor with legal advice.  First, she advised Debtor about the use of a reaffirmation agreement to protect her furniture.  Second, she provided Debtor with legal information about exemptions.  It is inappropriate and unlawful under any circumstances for a BPP to provide legal advice to a debtor.  However, such actions are particularly offensive when–as in this case–the debtor has reason to believe the legal advice is being delivered by an attorney.  Consequently, the Court will fine Ms. Stewart $100 out of a maximum of $500 for each act constituting unauthorized practice of law, for a total of $200.

*Additional penalties.*  The Bankruptcy Code authorizes the Court to order full disgorgement of fees for a violation of § 110.  In this case, the Court has found multiple violations by Ms. Stewart of subsections (b), (c), and (e).  Therefore, the Court can and will require her to forfeit the full $500 she received from Debtor.

---

[6] The use of a compensation disclosure form for attorneys most likely was a mistake.  In all the other documents Ms. Stewart prepared, she identified herself as a BPP, not as a lawyer.

In addition to disgorgement of fees, the facts of this case suggest an injunction is appropriate. Ms. Stewart was careless in fully identifying herself on the documents she prepared and demonstrated little interest in ensuring Debtor knew she is not an attorney. Furthermore, she failed to provide any response to the United States Trustee's motion. It is difficult for the Court to conclude that the problems with this case were simply good faith errors that Ms. Stewart intends to rectify in future filings when she fails to respond to the Trustee's motion and takes no steps to explain herself. Therefore, the Court will enjoin Ms. Stewart and Mobile Bankruptcy Preparation, LLC from filing or preparing any documents for filing in the Middle District of Georgia until such time as they make a motion and request a hearing before the Court to show cause as to why they should be relieved of this injunction.

## Conclusion

Based on Ms. Stewart's multiple violations of § 110, the Court will require her to return her fee of $500 and pay fines of $700 to the United States Trustee. In addition the Court will enjoin Ms. Stewart and Mobile Bankruptcy Preparation from filing or preparing for filing any documents in the Middle District of Georgia until further Order of this Court.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT